IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 27 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-02783-BNB

ELTON DEVILLE,

    Plaintiff,

v.

8TH JUDICIAL DISTRICT COURT JUDGE DANIEL J. KAUP[1], and
8TH JUDICIAL DISTRICT COURT CLERK KRISTIN BROWNING,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff Elton Deville initiated this action by filing *pro se* a complaint. On January 9, 2009, Mr. Deville filed an amended complaint on the proper form. In an order filed on January 13, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Deville to file a second amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On January 26, 2009, Mr. Deville filed in this action a set of documents that includes a cover letter, a number of exhibits, a copy of Magistrate Judge Boland's January 13 order, and two different versions of a second amended complaint on the Court's nonprisoner complaint form. Both versions of the second amended complaint seek damages, are based on the same factual allegations, and raise the same constitutional claims. The Court will construe Mr. Deville's claims as being asserted pursuant to 42 U.S.C. § 1983.

---

[1] Mr. Deville misspells Judge Kaup's name as Daniel J. Kaupp. The Court will use the correct spelling throughout this order.

Mr. Deville has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B)(i) and (iii), the Court must dismiss this action at any time if Mr. Deville's claims are legally frivolous or if he seeks monetary relief from a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or in which he asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the action pursuant to § 1915(e)(2)(B)(i) and (iii).

The Court must construe the papers filed by Mr. Deville liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the second amended complaint is held to standards less stringent than those governing a formal pleading drafted by lawyers. *See id.* However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Although his specific claims for relief are not entirely clear in either version of the second amended complaint, Mr. Deville maintains that this action is based upon alleged violations of his rights under the First Amendment to the United States Constitution. The alleged constitutional violations occurred during the course of two different state court civil cases. Mr. Deville contends that Defendant Judge Daniel J. Kaup of the Larimer County, Colorado, District Court made a false statement about Mr. Deville in an order dismissing a complaint Mr. Deville filed in that court. More specifically, Mr. Deville asserts that Judge Kaup intentionally mischaracterized the nature of Mr. Deville's

2

complaint in order to dismiss the complaint and to protect the defendant in the state court action.

With respect to Defendant Kristin Browning, an appeals clerk in the Larimer County District Court, Mr. Deville alleges that she made a false statement in a letter to the Colorado Court of Appeals in which she informed the appellate court that she was not transmitting the supplemental record on appeal. More specifically, Mr. Deville asserts that Ms. Browning falsely stated that she was not transmitting the supplemental record on appeal because Mr. Deville had not filed a Notice of Appeal, Designation of Record, or appeal bond. Mr. Deville alleges that the purpose of Ms. Browning's allegedly false statements was to have his appeal rejected by the Colorado Court of Appeals.

The Court finds that the facts alleged by Mr. Deville, even if true, do not demonstrate that his First Amendment rights have been violated. Mr. Deville's disagreement with Judge Kaup's decision to dismiss the state court complaint Mr. Deville filed does not demonstrate that his First Amendment rights have been violated. Mr. Deville's belief that Defendant Browning misinformed the state court of appeals that Mr. Deville had not filed certain documents in the state court also does not demonstrate that his First Amendment rights have been violated. Therefore, the instant action will be dismissed as legally frivolous because Mr. Deville fails to allege facts that support an arguable claim for relief.

In addition, Mr. Deville's claim for damages against Judge Kaup is barred by absolute judicial immunity. Judges are absolutely immune from liability in civil rights suits for money damages for actions taken in their judicial capacity unless the judge

3

was acting in the clear absence of all jurisdiction. See *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Mr. Deville does not demonstrate or even allege that Judge Kaup was acting in the clear absence of all jurisdiction when he dismissed Mr. Deville's state court civil complaint. Furthermore, the doctrine of absolute judicial immunity applies even when the judge is accused of acting maliciously and corruptly. See *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Therefore, the claim asserted against Judge Kaup also will be dismissed based on absolute judicial immunity. Accordingly, it is

ORDERED that the complaint, the amended complaint, the second amended complaint, and the action are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

DATED at Denver, Colorado, this 27 day of Feb., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02783-BNB

Elton Deville
486 West 48th Street
Loveland, CO 80538

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/27/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk